USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 17, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
PACIFIC LIFE INSURANCE COMPANY and                       :
PACIFIC LIFE & ANNUITY COMPANY,                          :
                                                         :
                          Plaintiffs,                    :     17 Civ. 1388 (KPF)
                                                         :
                     v.                                  :     OPINION AND ORDER
                                                         :
THE BANK OF NEW YORK MELLON,                             :
                                                         :
                          Defendant.                     :
                                                         :
-------------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

On March 16, 2018, the Court issued an Opinion and Order denying Defendant's motion to dismiss. (Dkt. #53). Two weeks later, on March 30, 2018, Defendant moved for reconsideration. (Dkt. #57). After carefully reviewing the parties' submissions (Dkt. #57-58, 60), the Court is unpersuaded that it overlooked any controlling legal authority or facts that would alter its decision. The Court therefore denies Defendant's motion for reconsideration.

In this Circuit, motions for reconsideration are governed by a strict standard: They are to be denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v.

*Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted).

Defendant has failed to identify any legal or factual issues overlooked by the Court that would alter the Court's conclusion. Defendant begins by reasserting its position, which this Court carefully considered but ultimately rejected, as to the preclusive effect *vel non* of the settlement agreement and Article 77 proceeding that released all claims against Countrywide and its parent Bank of America. In Defendant's view, the Court "misapprehended the relevance … of the settlement and the effect of its approval." (Dkt. #58 at 1). Yet the Court did not, in fact, overlook any controlling law or material facts, and Defendant does not suggest as much. Instead, Defendant here does little more than highlight a substantive disagreement with the Court as to the nature of Plaintiffs' claims in the pending action. That is not an adequate basis for a motion for reconsideration. *Shrader*, 70 F.3d at 257. And, in any event, the Court remains convinced that "the present action pertains to conduct not directly at issue in the Countrywide Settlement[.]" *Pacific Life Ins. Co.* v. *Bank of N.Y. Mellon*, No. 17 Civ. 1388 (KPF), 2018 WL 1382105, at *12 (S.D.N.Y. Mar. 16, 2018).

Defendant next asserts that "the Court overlooked controlling appellate authority." (Dkt. #58 at 1). In particular, Defendant claims that the Court ignored *Fixed Income Shares: Series M* v. *Citibank, N.A.*, 69 N.Y.S.3d 288 (1st Dep't 2018), which Defendant raised to the Court's attention by letter dated January 29, 2018 (Dkt. #48). The Court did no such thing. In fact, the Court closely considered the case, as well as the parties' letters related thereto. (Dkt. #48-49). That review led the Court to conclude that *Fixed Income Shares* is factually distinct from the case at bar. There, plaintiffs do not appear to have alleged any active conduct preventing an event of default; instead, they appear to have relied exclusively on defendant's inaction (i.e., its failure to send a notice to cure). *See Fixed Income Shares: Series M*, 69 N.Y.S.3d at 290. Here, by contrast, the Court explicitly found that Plaintiffs had alleged active frustration of other parties' ability to provide notice, as well as affirmative obligations on Defendant's part to provide notice of breaches. *See Pacific Life Ins. Co.*, 2018 WL 1382105, at *10.

Even if the Court had misconstrued the prevention doctrine — which it did not do — it would not "alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Indeed, the Court decided that Plaintiffs' event of default allegations were sufficient to survive Defendant's motion to dismiss on various grounds, including that (i) they "create a reasonable expectation that discovery will reveal evidence of written notice," (ii) they assert defects that "constituted an automatic [event of default]," and (iii) they "create a reasonable expectation that Defendant's [r]esponsible [o]fficers had received written notice of [e]vents of

3

[d]efault[.]" *Id.* at *9-10.  That is, the denial of Defendant's motion to dismiss did not turn on the application of the prevention doctrine.  Accordingly, Defendant's argument that the Court misconstrues the prevention doctrine does not present an adequate basis for reconsideration.

For these reasons, Defendant's motion for reconsideration is denied.  The Clerk of Court is directed to terminate the motion pending at Docket Entry #57.

SO ORDERED.

Dated:     April 17, 2018
           New York, New York

_____
           KATHERINE POLK FAILLA
           United States District Judge