UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PACIFIC LIFE INSURANCE COMPANY and
PACIFIC LIFE & ANNUITY COMPANY,

          Plaintiffs,

    v.

THE BANK OF NEW YORK MELLON,

          Defendant.

Case No. 17-cv-01388 (KPF)

## PROTECTIVE ORDER

WHEREAS, counsel for Defendant The Bank of New York Mellon ("BNYM") have applied to the Comptroller of the Currency ("Comptroller") pursuant to 12 C.F.R. part 4, Subpart C, for permission to have made available, in connection with the captioned action, certain records; and

WHEREAS, such records are deemed by the Comptroller to be confidential and privileged, pursuant to 12 U.S.C. 481, 1463(a)(1), 1464(a)(1) and 1464(d)(1)(B)(i); 5 U.S.C. 552(b)(8); 18 U.S.C. 641, 1906; and 12 C.F.R. 4.12, and part 4, Subpart C;

WHEREAS, following consideration by the Comptroller of the application of the above described party, the Comptroller has determined that the particular circumstances of the captioned action warrant making certain possibly relevant records available to the parties in this action, provided that appropriate protection of their confidentiality can be secured; and

WHEREAS, Plaintiffs have challenged the inclusion of the records as denoted in appendix A on BNYM's privilege log and take no position on the confidentiality of such records;

NOW, THEREFORE, it is Ordered That:

1. The records, as denoted in appendix "A" to the Stipulation for this Protective Order, upon being released for use by the Comptroller, shall be disclosed only to the parties to this action, their counsel, and the Court and the jury.

2. The parties to this action and their counsel shall keep such records and any information contained in such records confidential and shall in no way divulge the same to any person or entity, except to such experts, consultants and non-party witnesses to whom the records and their contents shall be disclosed, solely for the purpose of properly preparing for and trying the action.

3. No person to whom information and records covered by this Order are disclosed shall make any copies or otherwise use such information or records or their contents for any purpose whatsoever, except in connection with this action.

4. Any party or other person who wishes to use the information or records or their contents in any other action shall make a separate application to the Comptroller pursuant to 12 C.F.R. part 4, Subpart C.

5. Should any records covered by this Order be filed with the Court or utilized as exhibits at depositions in the captioned action, or should information or records or their contents covered by this Order be disclosed in the transcripts of depositions or the trial in the captioned action, such records, exhibits and transcripts shall be filed in sealed envelopes or other sealed containers marked with the title of this action, identifying each document and article therein and bearing a statement substantially in the following form:

CONFIDENTIAL

Pursuant to the Order of the Court dated January 8, 2020, this envelope containing the above-identified papers filed by

(the name of the party) is not to be opened nor the contents thereof displayed or revealed except to the parties to this action or their counsel or by further Order of the Court.

6. FOR JURY TRIAL: Any party offering any of the records into evidence shall offer only those pages, or portions thereof, that are relevant and material to the issues to be decided in the action and shall block out any portion of any page that contains information not relevant or material. Furthermore, the name of any person or entity contained on any page of the records who is not a party to this action, or whose name is not otherwise relevant or material to the action, shall be blocked out prior to the admission of such page into evidence. Any disagreement regarding what portion of any page that should be blocked out in this manner shall be resolved by the Court in camera, and the Court shall decide its admissibility into evidence.

7. At the conclusion of this action, all parties shall certify to the Comptroller that the records covered by this Order have been destroyed. Furthermore, counsel for BNYM, pursuant to 12 C.F.R. 4.39(c), shall retrieve any records covered by this Order that may have been filed with the Court.

SO ORDERED:

_____
Hon. Katherine Polk Failla
United States District Judge

Dated: January 8, 2020
      New York, New York