UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                             :

PACIFIC LIFE INSURANCE COMPANY and  :
PACIFIC LIFE & ANNUITY COMPANY,      :
                                             :

                             Plaintiffs,   :       17 Civ. 1388 (KPF)
                                             :

                       v.                  :             **ORDER**
                                             :

THE BANK OF NEW YORK MELLON,       :
                                             :

                             Defendant.   :
                                             :

------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

        This Order resolves certain disputes among the parties regarding

Defendant Bank of New York Mellon's withholding of certain documents based

on the attorney-client privilege and/or the work product doctrine.  (*See*

*generally* Dkt. #105, 107, 110, 120, 121, 123; *see also* Dkt. #117 (transcript of

hearing of July 15, 2019), 125 (transcript of hearing of August 8, 2019)).  To

aid in resolving these disputes, the Court undertook an *in camera* review of 12

categories of documents catalogued on Defendant's privilege log (Dkt. #110-1),

comprising 154 documents, along with 35 additional documents that were

provided to the Court for context (*see* Dkt. #123 at 1 n.1).  As detailed in the

remainder of this Order, the Court largely agrees with Defendant's

designations.

## OVERVIEW

        The Court begins by extending its deepest appreciation to the parties for

their flexibility, if not their indulgence, in this process.  The Court's efforts to

begin this review were stymied, first by a series of applications for immediate injunctive relief and then by the upending of the Court's docket occasioned by the COVID-19 pandemic.  The Court thanks the parties for allowing it to prioritize criminal cases — and, in particular, applications for compassionate release — before attending to the time-intensive task of the *in camera* review.

In preparation for this review, the Court reviewed each of the docket entries identified above.  Included among this information were several sworn statements from individuals involved with Project LDC (*see* Dkt. #105-3, 105-4), and representations of counsel made at the July 15 and August 8 hearings. The Court then reviewed each of the categories of documents that were submitted *in camera.*

To aid the Court's analysis, the parties provided primers on the legal issues implicated by Defendant's withholding of these documents.  (*See, e.g.*, Dkt. #107, 121, 123).  Both sides accurately state the law, albeit with differing degrees of specificity and relevance.  Significantly, however, the Court's review confirms that Defendant's assertions of the attorney-client privilege and the work product doctrine are, in the main, proper.  More to the point, with a few exceptions discussed later in this Order, Defendant has *not* sought to transmute business documents (or other non-privileged materials) into privileged or protected documents by the mere addition of an attorney into the mix.  To the contrary, the documents reviewed by the Court make clear that information was gathered, and materials were prepared, at the direction of counsel for the specific provision of legal advice.

**APPLICABLE LAW**

In a case brought under a federal statute — here, the Trust Indenture
Act — the federal common law of attorney-client privilege applies.  *See Wultz* v.
*Bank of China Ltd.*, 304 F.R.D. 384, 390 (S.D.N.Y. 2015); *accord In re Copper
Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001) ("Where, as here,
subject matter jurisdiction is based on a federal question, privilege issues are
governed by federal common law." (citation omitted)).  The attorney-client
privilege "protects communications [i] between a client and his or her attorney
[ii] that are intended to be, and in fact were, kept confidential [iii] for the
purpose of obtaining or providing legal advice."  *United States* v. *Mejia*, 655
F.3d 126, 132 (2d Cir. 2011).  As a sister court in this District has ably
summarized:

> The attorney-client privilege protects from disclosure
> "[i] a communication between client and counsel that
> [ii]  was intended to be and was in fact kept confidential,
> and [iii] was made for the purpose of obtaining or
> providing legal advice."  *In re County of Erie*, 473 F.3d
> 413, 419 (2d Cir. 2007); *accord American Civil Liberties
> Union* v. *United States Department of Justice*, 210 F.
> Supp. 3d 467, 477 (S.D.N.Y. 2016); *United States* v.
> *Ghavami*, 882 F. Supp. 2d 532, 536 (S.D.N.Y. 2012).
> Obtaining or providing legal advice need not be the sole
> purpose of the communication; rather, the touchstone
> is  "whether  the  predominant  purpose  of  the
> communication is to render or solicit legal advice."  *In
> re County of Erie*, 473 F.3d at 420; *accord United States*
> v. *Mount Sinai Hospital*, 185 F. Supp. 3d 383, 389
> (S.D.N.Y. 2016).  **The privilege protects both the
> advice of the attorney to the client and the
> information communicated by the client that
> provides a basis for giving advice.**  *See Upjohn Co.* v.
> *United States*, 449 U.S. 383, 390 (1981); *In re Six Grand
> Jury Witnesses*, 979 F.2d 939, 943-44 (2d Cir. 1992); *In*

re General Motors LLC Ignition Switch Litigation ("In re
GM"), 80 F. Supp. 3d 521, 527 (S.D.N.Y. 2015); Chen-
Oster v. Goldman, Sachs & Co., 293 F.R.D. 547, 554
(S.D.N.Y. 2013). "[T]he burden is on a party claiming the
protection of a privilege to establish those facts that are
the essential elements of the privileged relationship." In
re Grand Jury Subpoena Dated Jan. 4, 1984, 750 F.2d
223, 224 (2d Cir. 1984); accord In re Grand Jury
Subpoena Dated July 6, 2005, 510 F.3d 180, 184 (2d
Cir. 2007); Mount Sinai, 185 F. Supp. 3d at 391;
Ghavami, 882 F. Supp. 2d at 536.

Johnson v. J. Walter Thompson U.S.A., LLC, No. 16 Civ. 1805 (JPO) (JCF), 2017
WL 3432301, at *2 (S.D.N.Y. Aug. 9, 2017) (emphasis added).

As to a small subset of the documents, Defendant also asserts the work
product doctrine. "Federal law governs the applicability of the work product
doctrine in all actions in federal court." Wultz, 304 F.R.D. at 393 (citing Allied
Irish Banks, P.L.C. v. Bank of Am., N.A., 252 F.R.D. 163, 173 (S.D.N.Y. 2008)).
Federal Rule of Civil Procedure 26(b)(3) codifies the doctrine in part, providing
that "a party may not discover documents and tangible things that are
prepared in anticipation of litigation or for trial by or for another party or its
representative (including the other party's attorney, consultant, surety,
indemnitor, insurer, or agent)," unless "the party shows that it has substantial
need for the materials to prepare its case and cannot, without undue hardship,
obtain their substantial equivalent by other means."

The work product doctrine is designed "to preserve a zone of privacy in
which a lawyer can prepare and develop legal theories and strategy 'with an eye
toward litigation,' free from unnecessary intrusion by his adversaries." United
States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v.

4

*Taylor*, 329 U.S. 495, 510-11 (1947)); *accord United States* v. *Nobles*, 422 U.S. 225, 238-39 (1975).  The party asserting work product protection must demonstrate that the material at issue "[i] [is] a document or a tangible thing, [ii] that was prepared in anticipation of litigation, and [iii] was prepared by or for a party, or by his representative."  *Allied Irish Banks*, 252 F.R.D. at 173 (internal quotation marks and citation omitted).

### THE COURT'S REVIEW OF PRIVILEGE LOG CATEGORIES

**Category 6:**     **Documents created at the request of BNYM's in-house and/or outside counsel reflecting legal advice of BNYM's in-house and/or outside counsel in connection with tracking and responding to legal questions from Corporate Trust Department.**

The Court reviewed the two documents in this category, contained at Tabs 72 and 73,[1] which were withheld based on a claim of attorney-client privilege.  Each document is a chart of information; each is prefaced by another document, withheld from production on a different basis, that makes plain that each chart was prepared at the request of counsel in the course of seeking or rendering legal advice.  The privilege claims are upheld.

**Category 21:**     **Document and communication between BNYM employees created at the request of BNYM's in-house and/or outside counsel regarding BNYM's role and duties as trustee in connection with loan modification.**

The Court reviewed the four documents in this category, all contained at Tab 53, which were withheld based on a claim of attorney-client privilege.  The four documents consist of one email and three Excel spreadsheets.  The Court

---

[1]     The Tabs referenced in this Order correspond to the binder of hard copies that was provided to the Court for the purposes of its *in camera* review.

understands from the email and from prior submissions of Defendant that the information contained in the three Excel spreadsheets was gathered to assist in-house and outside counsel in providing legal advice concerning RMBS issues. The privilege claims as to the four documents are therefore upheld. *See generally Pearlstein* v. *BlackBerry Ltd.*, No. 13 Civ. 7060 (CM) (KHP), 2019 WL 1259382, at *15 (S.D.N.Y. Mar. 19, 2019) ("Although it is true that a fact investigation conducted at the direction of an attorney for purposes of rendering legal advice is protected by the attorney-client privilege, *First Chicago Int'l* v. *United Exch. Co.*, 125 F.R.D. 55, 56-58 (S.D.N.Y. 1989), the purpose of the fact investigation must be to aid the provision of legal advice."); *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006) ("Communications among non-attorneys in a corporation may be privileged if made at the direction of counsel, to gather information to aid counsel in providing legal services." (citations omitted)), *abrogated on other grounds by In re Queen's Univ. at Kingston*, 820 F.3d 1287 (Fed. Cir. 2016).

**Category 24:** **Documents created by BNYM employees at the request of BNYM's in-house and/or outside counsel regarding BNYM's role and duties as trustee in connection with investor/insurer inquiries.**

The Court reviewed the three documents in this category, contained at Tabs 15 and 16, which were withheld based on a claim of attorney-client privilege. These documents are prefaced by other documents, withheld from production on other bases but included here for context, that make clear that the documents in this category were created at the request of counsel in the course of seeking and rendering legal advice. The privilege claims are upheld.

6

**Category 35:**     **Document reflecting legal advice of BNYM's in-house and/or outside counsel regarding BNYM's role and duties as trustee in connection with potential bank exposure.**

The Court reviewed the one document in this category, contained at Tab 57, which was withheld based on a claim of attorney-client privilege. The document in question, an Excel spreadsheet, is prefaced by a document, withheld from production on other bases but included here for context, that makes clear that the information contained in the spreadsheet was gathered in order to seek legal advice from outside counsel. The privilege claim is upheld.

**Category 42:**     **Communication between BNYM employees, including BNYM's in-house counsel, reflecting legal advice of BNYM's in-house and/or outside counsel regarding BNYM's role and duties as trustee in connection with government requests for information and in connection with Project LDC, a project undertaken at the direction of BNYM in-house counsel, Robert Bailey, regarding remediation of Corporate Trust Accounts.**

The Court reviewed the one document in this category, contained at Tab 51, which was withheld based on a claim of attorney-client privilege. The document in question, an Excel spreadsheet, is prefaced by a document, withheld on other bases but included here for context, that makes clear that the information contained in the spreadsheet was gathered in the course of seeking and rendering legal advice from in-house counsel. The privilege claim is upheld.

**Category 43:**  **Communications between BNYM employees, including BNYM's in-house counsel, reflecting legal advice of BNYM's in-house and/or outside counsel regarding BNYM's role and duties as trustee in connection with internal policies and procedures.**

The Court reviewed the three documents in this category, contained at Tabs 1, 2, and 76, which were withheld based on a claim of attorney-client privilege.  With respect to the documents at Tabs 1 and 2, the Court does not believe that they are privileged documents, and orders their disclosure.  As for the document at Tab 76, the Court does not believe it is subject to the attorney-client privilege, but is concerned that it lacks sufficient information to make a final determination.  Defendant is directed either to disclose the document within 30 days, or to submit within 30 days a supplemental *in camera* submission explaining why the privilege attaches.

**Category 55:**  **Documents and communications between BNYM employees, including in-house counsel, BNYM's outside counsel, and third-parties hired by BNYM in-house and/or outside counsel regarding repurchase requests and other inquiries from investors, insurers, deal parties or other entities and responses to such requests or inquiries.**

The Court reviewed the 27 documents in this category, contained at Tabs 11, 12, 13, 14, 17, 18, 19, 54, 55, 56, 58, 60, 63, 64, 65, 66, 67, 69, 70, 71, 74, 75, 77, and 78,[2] which were withheld based on claims of the attorney-client privilege and the work product doctrine.  To begin, the materials included at Tabs 11, 12, 13, 14, 17, 18, 19, 60, 63, 64, 65, 66, 69, 70, 71, 74, 75, 77, and 78 comprise communications directly with in-house and outside

---

[2]      At times, multiple documents were located at a single Tab.

counsel in the course of seeking and rendering legal advice, and are plainly privileged.  By contrast, the documents at Tabs 54, 55, 56, 58, and 67 are not subject to the attorney-client privilege, and should be disclosed.  Separately, the Court believes that the documents in this category that it has found to be subject to the attorney-client privilege are also likely to be protected under the work product doctrine, although if Defendant seeks to press this point, the Court would require supplemental information regarding the doctrine's "in anticipation of litigation" requirement.

**Category 57:**    **Documents and communications between BNYM employees and third-parties hired by BNYM in-house and/or outside counsel created at the request of BNYM in-house counsel regarding repurchase requests and other inquiries from investors, insurers, deal parties or other entities and responses to such requests or inquiries.**

The Court reviewed the four documents in this category, contained at Tabs 19, 68, 70, and 71, which were withheld based on claims of the attorney-client privilege and the work product doctrine.  The Excel spreadsheet at Tab 19 is prefaced by another document, withheld as part of Category 55, which confirms that the spreadsheet was prepared at the direction of counsel in the course of seeking or rendering legal advice.  The documents contained at Tabs 68, 70, and 71 constitute communications directly with in-house and outside counsel in the course of seeking and rendering legal advice, and are privileged.  Using an analysis similar to that identified in the preceding section, the Court is inclined to believe that these materials are also subject to the work

product doctrine, although it would require additional information to make a
final determination.

**Category 75:** **Documents and communications between BNYM
employees, BNYM's outside counsel, and third-parties
hired by BNYM in-house and/or outside counsel created
at the request of BNYM's in-house and/or outside
counsel regarding document custody in connection with
Project LDC, a project undertaken at the direction of
BNYM in-house counsel, Robert Bailey, regarding
remediation of Corporate Trust Accounts.**

The Court reviewed the 84 documents in this category, contained at
Tabs 3, 4, 5, 6, 7, 8, 9, 10, 21, 23, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37,
38, 39, 40, 41, 45, 61, and 62,[3] which were withheld based on claims of the
attorney-client privilege and the work product doctrine.  The documents at
Tabs 3, 4, 5, 6, 7, 30, 32, 33, 34, 35, 36, 37, 38, 40, and 45 reflect
communications internally within Defendant, and with outside entities hired at
the direction of in-house counsel, undertaken in an effort to prepare or to
gather materials for in-house and outside counsel in connection with the
provision of legal advice, as distinguished from business advice, and they are
therefore privileged.  That said, certain of the communications within certain
email strings do not appear to this Court to be privileged, although they may
also not be responsive to any of Plaintiffs' discovery demands.  They include
(i) the carryover email timed at 4:33 p.m. on BNYMDOC0007; (ii) the email
timed at 12:59 p.m. on BNYMDOC0009; (iii) the email timed at 11:41 a.m. on

---

[3]      At times, multiple documents were located at a single Tab.

BNYMDOC0013.  As to these communications, Defendant's counsel should either produce them in redacted form or explain their irrelevance.

The documents at Tabs 8, 9, 10, 21, and 23 are prefaced by other documents, withheld on different bases but included for context, that make clear that the specific information contained the challenged documents was either prepared or gathered at the direction of counsel in connection with the seeking and rendering of legal advice, and they are therefore privileged.

The documents at Tabs 26, 27, 28, 29, 39, and 41 involve communications directly with in-house and/or outside counsel in the course of seeking and rendering legal advice, and are privileged.  Using an analysis similar to that identified above, the Court is inclined to believe that those materials that it has found to be privileged are also subject to the work product doctrine, although it would require additional information.

Finally, as to the documents at Tabs 61 and 62, the Court does not have sufficient information to make a final privilege determination.  Defendant is directed either to disclose the documents within 30 days, or to submit within 30 days a supplemental *in camera* submission explaining why the privilege attaches to each.

**Category 77:** **Documents and communications between BNYM employees, BNYM's outside counsel, and third parties hired by BNYM in-house and/or outside counsel reflecting legal advice of BNYM's in-house and/or outside counsel regarding document custody in connection with Project LDC, a project undertaken at the direction of BNYM in-house counsel, Robert Bailey, regarding remediation of Corporate Trust Accounts.**

The Court reviewed the 22 documents in this category, contained at Tabs 20, 24, 25, 31, 42, 43, 44, 46, 47, 48, 49, 50, and 52,[4] which were withheld based on claims of attorney-client privilege.  The documents at Tabs 24, 42, 43, 44, 46, 47, 48, 49, and 50 reflect communications internally within Defendant, and with outside entities hired at the direction of in-house counsel, that were undertaken in an effort to prepare or gather materials for in-house and outside counsel in connection with the provision of legal advice, as distinguished from business advice, and they are therefore privileged.

The documents at Tab 20 are prefaced by other documents, withheld on other bases but included here for context, that make clear that the information contained at this Tab was either prepared or gathered at the direction of counsel in connection with the seeking and rendering of legal advice, and these documents are also privileged.

The documents at Tabs 25, 31, and 52 involve communications directly with in-house and/or outside counsel in the course of seeking and rendering legal advice, and for this reason they are all privileged.

---

[4]     At times, multiple documents were located at a single Tab.

Using an analysis similar to that identified above, the Court is inclined to believe that those materials it has found to be privileged are also subject to the work product doctrine, although it requires additional information.

**Category 80:        Communication between BNYM employees created at the request of BNYM's in-house and/or outside counsel reflecting legal advice of BNYM's in-house and/or outside counsel regarding document custody in connection with Art. 77 proceedings.**

The Court reviewed the one document in this category, contained at Tab 22, that was withheld based on a claim of attorney-client privilege. Included with the document for context is another withheld document that makes clear that the email in question was in internal communication undertaken in an effort to gather and prepare materials for in-house and outside counsel in connection with the seeking or rendering of legal advice. It is therefore privileged.[5]

## CONCLUSION

The Court upholds the claim of attorney-client privilege as to the entries described above. For those entries as to which the Court rejected the claim of privilege outright, Defendant is directed to produce the documents within 30 days of the date of this Order. For those entries as to which the Court permitted supplemental briefing, Defendant is to submit such briefing within 30 days of this Order.

---

[5]    The Court does not address the documents in Category 95, which were withheld pursuant to the bank examination privilege, in light of subsequent developments in the record. (*See* Dkt. #123, 124, 127, 128, 129).

SO ORDERED.

Dated:      November 23, 2020
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge