

# MAYER|BROWN

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/2021
```

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

June 17, 2021

**Christopher J. Houpt**
Partner
T: +1 212 506 2380
F: +1 212 849 5830
CHoupt@mayerbrown.com

BY ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *Pacific Life Insurance Company, et al., v. The Bank of New York Mellon,* No. 17-cv-1388 (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of The Bank of New York Mellon ("BNYM"), and pursuant to Your Honor's Individual Practices in Civil Cases, we write to request that the Court maintain sealing over six exhibits that BNYM provisionally filed under seal in connection with BNYM's Motion for Summary Judgment (Dkt. 231), as well as related portions of BNYM's Memorandum of Law in Support of its Motion for Summary Judgment and Statement of Undisputed Material Facts Pursuant to Local Rule 56.1. BNYM does not wish to maintain sealing over any documents that were provisionally filed under seal in connection with BNYM's Motion for Summary Judgment that are not specifically referenced herein. BNYM has conferred with Plaintiffs and Plaintiffs have indicated that they take no position with respect to BNYM's sealing designations.

BNYM has analyzed the relevant material, and as set forth below, requests that certain documents, and corresponding portions of BNYM's Memorandum of Law in Support of its Motion for Summary Judgment and Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, be sealed in accordance with the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). "Under this test, the Court must: (i) determine whether the documents in question are 'judicial documents'; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access." *Doe v. City of New York*, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (citing *Lugosch*, 435 F.3d at 119-20). The documents for which BNYM seeks to maintain sealing are not "judicial documents." *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("'[D]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery'" are not "judicial documents" (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001)). Accordingly, BNYM requests that the documents be kept under seal on the following bases.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

- **Documents containing sensitive business information:** BNYM seeks to maintain sealing over excerpts from deposition testimony that reference sensitive information concerning, among other things, BNYM's internal procedures and specific projects, which if disclosed, have the potential to cause irreparable injury in a highly competitive industry. *See Hesse v. Sungard Systems Int'l.*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp, 2d 606, 612 (S.D.N.Y. 1998). The documents for which BNYM seeks to maintain sealing on this basis are: Houpt Ex. 29[1] (attached hereto as Exhibit C), Houpt Ex. 33 (attached hereto as Exhibit D), Houpt Ex. 35 (attached hereto as Exhibit E), Houpt Ex. 45 (attached hereto as Exhibit G), and Houpt Ex. 46 (attached hereto as Exhibit H).

- **Documents containing third-party non-public, personal information:** BNYM seeks to maintain sealing over documents that reflect the confidential non-public, personal information of "innocent third parties," *see In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987), including financial account information. *See Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017) (finding "privacy interests of the affected non-parties [we]re sufficient to overcome the presumption of access"). BNYM also requests that other financial account information be sealed in accordance with Fed. R. Civ. P. 5.2. The document for which BNYM seeks to maintain sealing on this basis is Houpt Ex. 41 (attached hereto as Exhibit F).

BNYM also requests that portions of BNYM's Memorandum of Law in Support of its Motion for Summary Judgment (attached in redacted form as Exhibit A) and its Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (attached in redacted form as Exhibit B), which reference content from the exhibits to be sealed (i.e., Houpt Ex. 29, Houpt Ex. 33, Houpt Ex. 35, Houpt Ex. 41, Houpt Ex. 45, and Houpt Ex. 46), be redacted to maintain the confidentiality of the underlying sealed documents on the same bases set forth above.

We appreciate the Court's attention to this matter.

Sincerely,

*/s/ Christopher J. Houpt*
Christopher J. Houpt

---

[1] Documents labeled "Houpt Ex." were exhibits to the Declaration of C. Houpt (Dkt. 234).

Application to maintain under seal is denied. The Court has reviewed the excerpts in question, and they do not meet the strict standards for sealing information imposed in this Circuit.

SO ORDERED:

6/18/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE