**MAYER | BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: 8/19/2021            │
└─────────────────────────────────┘
```

August 18, 2021

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5973
MIngber@mayerbrown.com

BY ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:     *Pacific Life Insurance Company, et al., v. The Bank of New York Mellon,* No. 17-cv-1388 (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of The Bank of New York Mellon ("BNYM"), and pursuant to Your Honor's Individual Practices in Civil Cases, we write to request that the Court maintain sealing over six exhibits that were filed in connection with Plaintiffs' Cross-Motion for Partial Summary Judgment (Dkt. 245), as well as related portions of Plaintiffs' Counter-Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (Dkt. 247).  BNYM does not wish to maintain sealing over any documents not specifically referenced herein.[1]  BNYM has conferred with Plaintiffs, and Plaintiffs have indicated that they take no position with respect to BNYM's sealing designations.

BNYM has analyzed the relevant material, and as set forth below, requests that certain exhibits, and corresponding portions of Plaintiffs' Counter-Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, be sealed in part or in whole in accordance with the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). "Under this test, the Court must: (i) determine whether the documents in question are 'judicial documents'; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access." *Doe v. City of New York*, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (citing *Lugosch*, 435 F.3d at 119-20).  The documents for which BNYM seeks to maintain sealing are not "judicial documents."  *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("'[D]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery'" are not "judicial documents" (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001)).

---

[1]     BNYM notes that Plaintiffs' opening summary judgment submission included more than 150 exhibits that reflected BNYM's discovery material.  BNYM is requesting to maintain confidentiality over only six of these exhibits.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP

The Honorable Robert W. Lehrburger
August 18, 2021
Page 2

Accordingly, BNYM requests that the documents be kept under seal in part or in whole on the following bases.

- **Kane Exs. 227, 229, and 240:** Kane Exhibits 227 and 240 are internal communications between BNYM employees reflecting internal deliberations and strategic analyses related to BNYM's business relationship with Countrywide and its resolution of issues concerning its administration of Countrywide RMBS trusts.  Further, Kane Exhibit 229 is an internal tracking spreadsheet detailing BNYM's strategies with respect to the resolution of repurchase claims on certain Countrywide RMBS trusts.  Accordingly, BNYM requests to seal Kane Exhibits 227, 229, and 240 in their entirety because they reflect BNYM's "specific business information and strategies," as well as proprietary information about its client relationships, which "if revealed, 'may provide valuable insights into [BNYM's] current business practices that a competitor would seek to exploit.'"  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y. 1998)).

- **Kane Ex. 219:** Kane Exhibit 219 is an internal tracking spreadsheet related to litigation in certain RMBS trusts, which contains non-public personal information of borrowers, including borrower names and loan numbers.  BNYM understands that it is generally prohibited from disclosing such information under the Gramm-Leach-Bliley Act.  *See* 15 U.S.C. § 6802(a) ("[A] financial institution may not . . . disclose to a nonaffiliated third party any nonpublic personal information.").  Accordingly, BNYM requests to keep sealed through redaction only the non-public personal information contained in Kane Exhibit 219 (attached in redacted form as Exhibit A) because it contains "sensitive . . . financial . . . and other personal information pertaining to non-parties." *See United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017).

- **Kane Exs. 13 and 17:** Kane Exhibits 13 and 17 are internal policy and procedure manuals that reflect confidential information concerning the operations of BNYM's Corporate Trust department.  Accordingly, BNYM requests to seal Kane Exhibits 13 and 17 in their entirety because they contain information related to confidential and proprietary "internal business practices."  *See SEC v. Ahmed*, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018).  That these documents provide "insight into [BNYM's] inner workings, including its [] decision-making process, [and] internal procedures" outweighs the common law presumption of access, particularly where unsealing of these policy and procedure manuals would make them available to BNYM's competitors.  *Id.; see also Encycl. Brown Prods., Ltd.*, 26 F. Supp. 2d at 614 (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

BNYM also requests that portions of Plaintiffs' Counter-Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (attached in redacted form as Exhibit B), which reference

Mayer Brown LLP

The Honorable Robert W. Lehrburger
August 18, 2021
Page 3

content from these exhibits, be redacted to maintain the confidentiality of the underlying sealed documents on the same bases as set forth above.

We appreciate the Court's attention to this matter.

Respectfully,

*/s/ Matthew D. Ingber*
Matthew D. Ingber

SO ORDERED:

8/19/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE