# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5973
MIngber@mayerbrown.com

October 14, 2021

BY ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2021
```

Re: *Pacific Life Insurance Company, et al., v. The Bank of New York Mellon*, No. 17-cv-1388 (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of The Bank of New York Mellon ("BNYM"), and pursuant to Your Honor's Individual Practices in Civil Cases, we write to request that the Court maintain sealing over portions of BNYM's Reply to Plaintiffs' Counter-Statement of Undisputed Facts ("Reply 56.1") (Dkt. 266) (attached as Exhibit A). BNYM does not wish to maintain sealing over any documents not specifically referenced herein. BNYM has conferred with Plaintiffs, and Plaintiffs have indicated that they do not object to the redactions applied to BNYM's Reply 56.1.

BNYM has analyzed the relevant material, and as set forth below, requests that portions of its Reply 56.1 be sealed in accordance with the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). "Under this test, the Court must: (i) determine whether the documents in question are 'judicial documents'; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access." *Doe v. City of New York*, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (citing *Lugosch*, 435 F.3d at 119-20). The documents for which BNYM seeks to maintain sealing are not "judicial documents." *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("'[D]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery'" are not "judicial documents" (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001)).

On August 19, 2021, the Court ordered sealed six exhibits from the Kane Declaration (Kane Exhibits 13, 17, 219, 227, 229, and 240) and ordered redacted the corresponding portions of Plaintiffs' Counter-Statement of Undisputed Fact. *See* Order Granting Letter Motion to Seal (Dkt. 258). BNYM now moves to seal portions of its Reply 56.1 that correspond either to (i) previously redacted portions of Plaintiffs' Counter-Statement of Undisputed Fact (*see* ¶¶ II–11,

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP

The Honorable Robert W. Lehrburger
October 14, 2021
Page 2

II-517–19, II-523–26, II-557) or (ii) citations to the six exhibits previously ordered sealed (*see* BNYM's Responses to ¶¶ II–11, II-517–19, II-523–26, II-557).  For the same reasons adopted by the Court in its Order Granting Letter Motion to Seal, and incorporated herein, BNYM respectfully requests that these references be ordered redacted to maintain the sealing designations previously granted.

  We appreciate the Court's attention to this matter.

Respectfully,

*/s/ Matthew D. Ingber*
Matthew D. Ingber

Motion granted.

SO ORDERED:

10/15/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE