# MAYER | BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Christopher J. Houpt**
Partner
T: +1 212 506 2380
F: +1 212 849 5830
CHoupt@mayerbrown.com

November 15, 2021

BY ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2021

Re:   Pacific Life Insurance Company, et al. v. The Bank of New York Mellon, No. 17-cv-1388 (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of The Bank of New York Mellon ("BNYM"), and pursuant to Your Honor's Individual Practices in Civil Cases, we write to request that the Court maintain sealing over portions of: (i) Plaintiffs' Memorandum of Law in Further Support of Their Cross-Motion for Partial Summary Judgment (ECF 275) ("Plaintiffs' Reply Brief," attached as Exhibit A); (ii) Plaintiffs' Reply Counter-Statement of Undisputed Facts Pursuant to Rule 56.1 of the Local Civil Rules of The Southern District of New York in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment (ECF 276) ("Plaintiffs' Reply 56.1", attached as Exhibit B); and (iii) Exhibits 187.1, 188.1, and 220.1 to the Kane Declaration (ECF 277-2, 277-3, and 277-5) ("Kane Exhibits," attached as Exhibits C, D and E). BNYM does not wish to maintain sealing over any documents not specifically referenced herein. BNYM has conferred with Plaintiffs, and Plaintiffs have indicated that they take no position on the redactions applied to Plaintiffs' Reply Brief, Plaintiffs' Reply 56.1, or the Kane Exhibits.

BNYM has analyzed the relevant material, and as set forth below, requests that portions of Plaintiffs' Reply Brief, Plaintiffs' Reply 56.1, and the Kane Exhibits be sealed in accordance with the three-part test articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). "Under this test, the Court must: (i) determine whether the documents in question are 'judicial documents'; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access." *Doe v. City of New York*, 2019 WL 4392533, at *1 (S.D.N.Y. Sept. 13, 2019) (citing *Lugosch*, 435 F.3d at 119-20). The documents for which BNYM seeks to maintain sealing are not "judicial documents." *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("'[D]ocuments that play no role in the

Mayer Brown

The Honorable Robert W. Lehrburger
November 15, 2021
Page 2

performance of Article III functions, such as those passed between the parties in discovery'" are not "judicial documents" (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001)).

On August 19, 2021, the Court ordered sealed six exhibits (Kane Exhibits 13, 17, 219, 227, 229, and 240) and ordered redacted the corresponding portions of Plaintiffs' Counter-Statement of Undisputed Facts. *See* August 19 Order Granting Letter Motion to Seal (Dkt. 258). On October 18, 2021, the Court further ordered sealed portions of BNYM's Reply to Plaintiffs' Counter-Statement of Undisputed Facts which corresponded to the previously sealed material. *See* October 18 Order Granting Letter Motion to Seal (Dkt. 270).

BNYM now moves to seal select portions of Plaintiffs' Reply Brief and Plaintiffs' Reply 56.1 which correspond to either (i) previously redacted portions of Plaintiffs' Counter-Statement of Undisputed Facts or BNYM's Reply to Plaintiffs' Counter-Statement of Undisputed Facts or (ii) the six exhibits previously ordered sealed. *See* Plaintiffs' Reply Brief at 16; Plaintiffs' Reply 56.1 at ¶¶ II-2, II-11, II-13, II-517, II-518, II-519, II-523, II-524, II-525, II-526, II-557, II-567, II-573. For the same reasons adopted by the Court in its August 19 and October 18 Orders Granting Letter Motion to Seal, and incorporated herein, BNYM respectfully requests that the foregoing references be ordered redacted to maintain the sealing designations previously granted.

Further, BNYM requests that select portions of Kane Exhibits 187.1, 188.1, and 220.1 be sealed. Kane Exhibits 187.1 and 188.1 are internal tracking sheets and Kane Exhibit 220.1 is a letter to BNYM from Hanover Capital. All of the documents are related to RMBS loans and contain non-public personal information of borrowers, including loan numbers. BNYM understands that it is generally prohibited from disclosing such information under the Gramm-Leach-Bliley Act. *See* 15 U.S.C. § 6802(a) ("[A] financial institution may not . . . disclose to a nonaffiliated third party any nonpublic personal information."). In its August 19 Order Granting letter Motion to Seal, the Court ordered redacted portions of Kane Exhibit 219 that contained non-public personal information of borrowers, including loan numbers. *See* August 19 Order Granting Letter Motion to Seal (Dkt. 258). Accordingly, and for the same reasons adopted by the Court in its August 19 Order Granting Letter Motion to Seal and incorporated herein, BNYM requests to keep sealed through redaction only the non-public personal information contained in Kane Exhibits 187.1, 188.1, and 220.1 because they contain "sensitive . . . financial . . . and other personal information pertaining to non-parties." *See United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017).

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Christopher J. Houpt*

Christopher J. Houpt
Partner

SO ORDERED:

_____  11/16/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE